## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE: Vaso Active Pharmaceuticals, Inc.
_____

| | | |
|---|---|---|
| John J. Masiz, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 13-169-LPS |
| | : | |
| Jeoffrey L. Burtch, Avoidance Active Trustee, | : | Bankruptcy Case No. 10-10855 CSS |
| | : | |
| | : | BAP 13-2 |
| Appellee. | : | |

_____

IN RE: Vaso Active Pharmaceuticals, Inc.
_____

| | | |
|---|---|---|
| Joseph F. Frattaroli, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 13-170-LPS |
| | : | |
| Jeoffrey L. Burtch, | : | Bankruptcy Case No. 10-10855 CSS |
| | : | Adv. Pro. No. 11-52005 |
| Appellee. | : | BAP 13-3 |

## **RECOMMENDATION**

At Wilmington this **9th** day of **October, 2013**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, a teleconference was held for an initial review and discussion with counsel to determine the appropriateness of mediation in these matters;

WHEREAS, as a result of that teleconference, mediation occurred on

March 19, 2013:

WHEREAS, no resolution of these matters occurred as a result of the March 2013 mediation.  Numerous follow up private and joint teleconferences occurred with counsel regarding their respective client's positions on resolution and further mediation, as well as follow up letters from the parties, which included reporting on the related matters in Bankruptcy Court that would have an effect on further mediation.  The most recent follow up teleconference occurred on September 23, 2013, after which the parties were required to provide written submissions regarding their positions on settlement/mediation.  Thereafter, the court had further private teleconferences with counsel, including counsel who had represented former parties to the Bankruptcy Court related matters.  As a result, I conclude further mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  Through this Order, the parties are advised of their right to object to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge  
UNITED STATES MAGISTRATE JUDGE